**PET**
ROBERT K. PHILLIPS
Nevada Bar No. 11441
MICHAEL A. ARATA
Nevada Bar No. 11902
**PHILLIPS, SPALLAS & ANGSTADT, LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
(702) 938-1511 (Fax)
rphillips@psalaw.net
marata@psalaw.net

*Attorneys for Defendant*
*Walmart Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RITA GOODMAN, individually,

Plaintiff,

v.

WALMART INC., a Delaware Corporation; DOES I-X; and ROE CORPORATIONS I-X, inclusive,

Defendants.

Case No.:

[District Court, Clark County Case No.: **A-19-799236-C**, Dept No.: 4]

**DEFENDANT WALMART INC.'S PETITION FOR REMOVAL OF CIVIL ACTION**

**[JURY DEMAND]**

COMES NOW, Petitioner WALMART INC. (hereinafter "Petitioner"), by and through its counsel of record, the law offices of PHILLIPS, SPALLAS & ANGSTADT, LLC, and hereby submits the following memorandum in support of its Petition for Removal of Jurisdiction to Federal Court:

I.

Petitioner WALMART INC. is currently the sole named Defendant in the above-captioned action.

II.

The above-entitled action was commenced by Plaintiff RITA GOODMAN (hereinafter "Plaintiff") on July 27, 2019 in the Eighth Judicial District, Clark County, Nevada and is currently

pending in that court. Plaintiff served her Complaint on Defendant's registered agent on July 31, 2019. A true and correct copy of Plaintiff's operative Complaint is attached hereto as **Exhibit "A."** After Defendant filed its Answer on August 21, 2019, attached hereto as **Exhibit "B,"** Plaintiff filed her Request for Exemption from Arbitration on September 10, 2019, attached hereto as **Exhibit "C,"** stating that Plaintiff's known medical special damages total $34,898.83 and that the value of Plaintiff's damages likely exceeds $50,000. Other than claiming that her damages exceeded $50,000, the threshold to avoid Nevada's mandatory arbitration program, Plaintiff did not provide any other information concerning her claimed damages.

Cognizant of its right to remove to federal court and its concomitant burden to demonstrate that removal is proper, Walmart's counsel sent Plaintiff's counsel a letter on September 12, 2019, attached hereto as **Exhibit "D,"** acknowledging receipt of the Request for Exemption and noting that "based on the [Exemption Petition] and [the] Complaint, we do not have a good faith basis to support a conclusion that [Plaintiff] is seeking to recover more than $75,000 for her claimed damages in this case." Noting its right to timely seek removal of the action to federal court, the letter went on to request that Plaintiff advise Walmart if she seeks to recover more than $75,000 in this case. On September 17, 2019, Plaintiff's counsel sent a response stating that Ms. Goodman intends to seek more than $75,000 in damages in this case. A copy of this letter is attached hereto as **Exhibit "E."**

Plaintiff's September 17, 2019 response letter is the "first paper" received by Petitioner from which removability may clearly be ascertained that the amount in controversy in this action exceeds $75,000.00. By her counsel's own admission, Plaintiff intends to seek damages in excess $75,000. As such, the 28 U.S.C. §1446(b)'s $75,000 amount in controversy requirement is met.

III.

This Petition is timely filed pursuant to 28 U.S.C. § 1446(b) and FRCP 6(d).

IV.

This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §1332(a) and is one which may be removed to this Court by Petitioner, pursuant to 28 U.S.C. § 1441(a).

V.

Petitioner is informed, believes, and thereon alleges that Plaintiff is, and was at the time this

action was commenced, a citizen of the State of Nevada.

VI.

Petitioner is, and was, at the time this action was commenced, a Delaware corporation with its principal place of business in the State of Arkansas. As such, Petitioner is a citizen of the State of Delaware and citizen of the State of Arkansas.

VII.

The above-entitled civil action is for damages Plaintiff allegedly incurred after she tripped and fell on the sidewalk outside Walmart Store #5070 located at 6310 W. Charleston Blvd., Las Vegas, Nevada 89146 (Clark County).

VIII.

A copy of Petitioner's Petition for Removal of Civil Action, seeking removal of the above-entitled action to the United States District Court, District of Nevada, together with a copy of the Summons and Plaintiff's Complaint, have been deposited with the Deputy Clerk in the County Clerk's office for the Eighth Judicial District Court in and for Clark County, Nevada.

IX.

True and correct copies of all pleadings and papers served upon Petitioner in the above-entitled action are filed herewith.

X.

This Petition is filed with the Court within thirty (30) days after Petitioner was served with Plaintiff's September 17, 2019 response letter claiming Plaintiff intends to seek damages in excess of $75,000. This letter was the "first paper" that put Petitioner on notice that Plaintiff's claimed damages clearly exceed the $75,000.00 federal diversity jurisdiction threshold. Therefore, Plaintiff's anticipated damages meets 28 U.S.C. §1332(b)'s amount in controversy requirement. *See* 28 U.S.C. §1332(a) (2015); *see also Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (reversing dismissal for lack of jurisdiction, relying, in part, on estimated future medical expenses to determine that the amount in controversy exceeded the jurisdictional amount); *see also Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999) (holding that it was facially apparent from plaintiff's Complaint that claims exceeded $75,000.00 where plaintiff alleged property damage, travel expenses, an emergency

ambulance trip, a six-day hospital stay, pain and suffering, humiliation and a temporary inability to do housework); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (holding that it was facially apparent that plaintiff's wrongful termination exceeded $75,000.00 based on the lengthy list of compensatory and punitive damages combined with a claim for attorney fees in her Complaint).

As such, it is undeniable that Plaintiff's claims for damages and the diversity of the parties meet the requisite requirements set forth by 28 U.S.C. §1441(b) and 28 U.S.C. §1332.

**PRAYER**

WHEREFORE, Defendant prays that the above-entitled action be removed from the Eighth Judicial District Court in and for Clark County, Nevada, to this Court.

DATED this 1st day of October, 2019.

**PHILLIPS, SPALLAS & ANGSTADT, LLC**

*/s/ Michael A. Arata*

MICHAEL A. ARATA
Nevada Bar No. 11902
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510

*Attorneys for Defendant*
*Walmart Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of October, 2019, I served a true and correct copy of the foregoing, **DEFENDANT WALMART INC.'S PETITION FOR REMOVAL OF CIVIL ACTION [JURY DEMAND]**, as follows:

☐ By facsimile addressed to the following counsel of record, at the address listed below:

☐ By placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☐ By Hand Delivery (ROC); and/or

☒ By Electronic Filing/Service Notification to:

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| ADAM D. SMITH, ESQ.<br>Nevada Bar No. 9690<br>CRAIG A. HENDERSON, ESQ.<br>Nevada Bar No. 010077<br>ADAM SMITH LAW<br>2340 Paseo Del Prado, Suite D203<br>Las Vegas, NV 89102 | Phone 702-929-2289<br>Fax 702-960-4454 | Plaintiff |

*/s/ Joshua J. Kephart*

An Employee of PHILLIPS, SPALLAS & ANGSTADT, LLC