UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RITA GOODMAN,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware Corporation; DOES I-X; and ROE CORPORATIONS I-X, inclusive,<br><br>    Defendants. | Case No. 2:19-cv-01707-JCM-EJY<br><br>**ORDER** |

Before the Court is Walmart Inc.'s Motion for Protective Order Precluding Inappropriate Areas of FRCP 30(b)(6) Deposition Testimony and for Stay of Deposition on Disputed Topic (ECF No. 11). Also pending is Plaintiff's Motion to Extend Discovery Deadlines. ECF No. 15. The Court finds as follows.

**I.  BACKGROUND**

The facts underlying this dispute arises from an October 4, 2018 fall Plaintiff suffered as she left Walmart Store No. 3788 in Clark County, Nevada, after applying for a job. Pending before the Court is Defendant's Motion challenging Topic 6 in Plaintiff's Fed. R. Civ. P. 30(b)(6) deposition notice. Topic 6 seeks deposition testimony on "[a]ny falls that occurred on curbs at any Walmart in Clark County, Nevada, from October 4, 2013 through the present regardless of whether injuries occurred." (Hereinafter "Topic 6.") Concomitantly, Plaintiff's Motion seeks to extend discovery deadlines for purposes of taking and completing Defendant's 30(b)(6) deposition.

Defendant contends that Topic 6 is geographically and temporally overbroad, enormously burdensome, and propounded to subject Walmart to invasive and costly discovery. Defendant further argues that the testimony Plaintiff seeks is not reasonably calculated to lead to the discovery of admissible evidence. Defendant states that evidence of falls from curbs at 30 or more Walmart stores around Clark County, dating back to 2013, seeks information of no relevance to Plaintiff's allegation that "the subject curb was too high or a danger to customers." ECF No. 11 at 7. Defendant

further argues that the term "curb" is vague, and the response to Plaintiff's Topic 6 seeks potentially private information about third-party strangers to the instant litigation.

In Opposition to Defendant's Motion, Plaintiff argues that the curb "is a permanent hazard" and, therefore, Topic 6 seeking information regarding prior falls is an appropriate area of inquiry. Plaintiff also argues that, based on decisions in other cases, the time period for which she seeks information (five years before Plaintiff's accident through the present) is reasonable. Plaintiff states that the history of falls is relevant because in cases where the condition at issue is permanent, prior accident will show notice or knowledge of a danger. Plaintiff contends that Defendant's expert agrees that falls "on 'other curbs' would be relevant to this case;" however, a review of the expert report, and Plaintiff's underlining added to certain language in that report, does not support this proposition. ECF No. 12 at 8.[1]

In Reply, Defendant argues that "[t]here are no prior incidents involving the subject curb," and showing notice regarding curbs at other locations is irrelevant to whether the curb at the Walmart in question was a hazard. Defendant's Reply also details the burdensomeness of Plaintiff's Topic 6. ECF No. 14.

## II.  DISCUSSION

A Rule 30(b)(6) deposition differs from the normal deposition because a 30(b)(6) deposition permits a party to "name as the deponent a public or private corporation." The named corporation

---

[1] Plaintiff quotes the following:

3. Curbs constitute a vertical elevation difference, but <u>they are not considered to be hazardous or a dangerous condition</u> in parking lot locations outside of designated handicap-accessible pedestrian paths. They are omnipresent in most commercial property applications wherever a raised sidewalk abuts a vehicular travel way, and pedestrian users should expect, based on experience, to encounter height changes when transitioning from sidewalks into vehicular ways, other than at specific ADA-compliant ramp locations. Such transitions from sidewalk to vehicular way <u>are not required to be painted, and typically are not painted in customary applications similar to the location of this incident</u>.

…

11. <u>The subject parking lot was designed and operated in full compliance with the laws, regulations, applicable standards,</u> and guidelines of the Transportation Engineering community and was appropriate for the context of its environment. <u>There were no requirements or warrants for additional treatments at this location</u>. [emphasis added] *See* Exhibit 1-H.

ECF No. 12 at 8 (underlining in original).

must then designate and prepare a witness to testify on the corporation's behalf.[2]  "Rule 30(b)(6) imposes burdens on both the discovering party and the designating party."[3]  "[T]he party noticing a Rule 30(b)(6) deposition must take care to designate, with painstaking specificity, the particular subject areas that are to be covered."[4]  When producing corporate representatives for a Rule 30(b)(6) deposition, the "corporation must prepare them to give complete, knowledgeable and binding answers."[5]

In addition to discussing the requirements of Federal Rules of Civil Procedure 30(b)(6), Nevada substantive law applies to the determination of whether the condition at issue – the curb from which Plaintiff fell – is a temporary or permanent condition.[6]  This, in turn, implicates the propriety of the scope of Plaintiff's Topic 6.  As stated in *Sprague v. Lucky Stores, Inc.*, "[t]he owner or occupant of property is not an insurer of the safety of a person on the premises, and in the absence of negligence, no liability lies.  An accident occurring on the premises does not of itself establish negligence.  Yet, a business owes its patrons a duty to keep the premises in a reasonably safe condition for use."[7]  Looking also to the Nevada Supreme Court decision in *Eldorado Club, Inc. v. Graff*,[8] relied on by Plaintiff, the Court notes that evidence of past incidents is not admissible to show notice of a dangerous condition for the purpose of establishing a defendant's duty "where a slip and fall is caused by the temporary presence of debris or foreign substance on a surface [a lettuce leaf on ramp], which is not shown to be continuing."[9]

Cases not cited by either party help illuminate the answer to the question raised in this case.  For example, in *Southern Pac. Co. v. Watkins,* the plaintiff claimed an injury against the defendant railroad company as a result of a collision at a railroad crossing.[10]  The Nevada Supreme Court found

---

[2] *Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 538 (D. Nev. 2008).
[3] *Id.*
[4] *U.S. E.E.O.C v. Bank of Am.*, Case No. 2:13–cv–1754–GMN–VCF, 2014 WL 7240134, at *5 (D. Nev. Dec. 18, 2014).
[5] *Nevada Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1418 (D. Nev. 1995) (internal quotations and citation omitted).
[6] *See Demena v. Smith's Food & Drug Centers, Inc.*, No. 2:12-cv-00626-MMD-CWH, 2012 WL 3962381, at *n.2 (D. Nev. Sept. 10, 2012).
[7] 849 P.2d 320, 321 (Nev. 1993) (citations omitted).
[8] 377 P.2d 174 (Nev. 1962).
[9] *Id.* at 176.
[10] 435 P.2d 498, 500 (Nev. 1967).

that "evidence of prior accidents is properly admitted to show notice of a dangerous permanent condition where the physical condition of the crossing as a proximate or concurring cause of the accident is in issue and there is prior admissible evidence tending to show the dangerous condition."[11] The court went on to explain, however, that "[w]hat is ordinary care at one crossing may be quite different from ordinary care at another. Absent legislative demand or the requirements of custom and usage, the issue of ordinary care must be decided in light of the conditions existing at the place of the crossing accident."[12]

In *Ginnis v. Mapes Hotel Corp.*, a customer was caught in an automatic door that closed on her while she was leaving the hotel.[13] The plaintiff sued the hotel and manufacturer of the automatic door on four theories including negligence, implied warranty, res ipsa loquitur, and strict tort liability.[14] The Nevada Supreme Court noted that "the lower court should have instructed upon the strict tort liability doctrine in this case."[15] Then, under a strict liability doctrine, the court held that "similar accidents involving the same door are relevant to causation and a defective and dangerous condition under that theory."[16]

In *Reingold v. Wet 'N Wild Nevada, Inc.*, the court was presented with a negligence action against a water park.[17] After riding a waterslide and landing in a catch pool, the plaintiff walked toward the edge of the pool where he slipped, fell, and sustained injuries.[18] The Nevada Supreme Court held that "evidence of subsequent accidents may not be admitted to demonstrate a defendant's knowledge of the condition prior to the instant accident."[19] The decision in *Wet N' Wild* also held that "evidence of subsequent, similar accidents involving the same condition may be relevant on the issue of causation and whether there is a defective and dangerous condition." *Id.* This holding, relied on the Supreme Court's decision in *Ginnis* and the assertion therein of strict liability. *See Robinson v. G.G.C.*, 808 P.2d 522, 525 (Nev. 1991). Here, there is no strict liability claim asserted

---

[11] *Id.* at 506, 508.
[12] *Id.* at 506.
[13] 470 P.2d 135 (Nev. 1970).
[14] *Id.* at 136.
[15] *Id.* at 139.
[16] *Id.*
[17] 944 P.2d 800 (Nev. 1997), *overruled on other grounds by Bass-Davis v. Davis*, 134 P.3d 103, 109 (Nev. 2006).
[18] *Id.* at 801.
[19] *Id.* at 802. (Citations omitted.)

4

and Plaintiff is not seeking 30(b)(6) deposition testimony on causation.[20]  Therefore, inquiry regarding subsequent accidents is not a proportional area of inquiry in this case.

However, like the railroad crossing in *Watkins*, the automatic door in *Mapes Hotel*, and the edge of the pool in *Wet N' Wild*, Defendant's curb is a permanent condition.  As was true in each of those cases, Plaintiff may only seek discovery regarding accidents involving the *same* condition as is alleged to have resulted in the accident at issue.  Here, Plaintiff fell on October 4, 2018, at Walmart Store No. 3788.  Plaintiff's discovery inquiries on a 30(b)(6) deposition are therefore properly limited to prior accidents arising at the same store and curb location that may show prior notice or knowledge of a dangerous permanent condition.  Events subsequent to Plaintiff's fall at locations other than where she fell have no relevance to notice or knowledge of an alleged dangerous curb condition at Store No. 3788 — that is, a condition existing at the time Plaintiff fell.  Topic 6 is not so limited and, therefore, as drafted, is overbroad.

Defendant states that it has already informed Plaintiff that during the three years prior to Plaintiff's fall there were no accidents involving the curb at issue at Store No. 3788. ECF No. 11 at 8.  No cite is offered for this representation, but the Court accepts this fact as true in the absence of contrary evidence.  Nonetheless, Defendant's 30(b)(6) deponent must be prepared to state this same information in response to questions at deposition.

The only remaining issue before the Court is whether, through her 30(b)(6) deposition, Plaintiff is entitled to two additional years of information regarding accidents at the same curb location where she fell.  Relevancy under Fed. R. Civ. P. 26 is liberally construed.  However, "[r]elevancy alone is no longer sufficient – discovery must also be proportional to the needs of the case."[21]  Proportionality requires the Court to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweigh its likely benefit."[22]  To this end, "the Court recognizes

---

[20] ECF No. 12 at 2:26-27; 6:6-7; 7:9-8:8.
[21] *Ashcraft v. Experian Information Solutions, Inc.*, Case No. 2:16-cv-02978-JAD-NJK, 2018 WL 6171772, at *1 (D. Nev. Nov. 26, 2018) *citing In re Bard IVC Prod. Liab. Lit.*, 317 F.R.D. 562, 564 (D. Ariz. 2016).
[22] *Id*. *citing* Fed. R. Civ. P. 26(b)(1).

Plaintiff's right to information relevant to his case, … [but] must also take into account the burden such requests have on Defendants."[23]

In its Reply, Defendant states there are between 100 and 200 "incidents in the past five years for Walmart Stores" and that "every claims file has on average 20-30 pages." ECF No. 14 at 5. What is not clear from this representation is whether these numbers are per store or for all Walmart stores in Clark County. Defendant claims the review will take "months" strongly suggesting that the number of incidents is per store (*id.*), but this is just Court conjecture. Defendant further argues that Plaintiff is requiring Defendant's 30(b)(6) deponent to memorize thousands of pages of "irrelevant incidents." *Id*. However, accidents involving the curb Plaintiff claims resulted in her fall, preceding Plaintiff's accident, are not categorically irrelevant to Plaintiff's accident and clearly are not so numerous (given there were none in the three years preceding Plaintiff's accident) as to result in an overly burdensome investigation or memorization exercise. Rather, the question for the Court is whether a fall or falls from the same curb in 2013 or 2014 (the two presumptively missing years) are too attenuated to be potential evidence of notice of a condition that is alleged to have caused a fall in October 2018.

When limited to Store No. 3788 and to falls relating to the curb area in question, the Court finds Plaintiff's request not so attenuated or burdensome that requiring Defendant to research this additional time period and prepare a 30(b)(6) witness to testify is disproportionate to the needs of this case. If no responsive information exists, there will be nothing for Defendant to state except just that. If there is responsive information, Defendant should be prepared to state what happened, what the individuals who fell claimed, and when the events took place. Disclosing the names and addresses of such individuals is not necessary to Plaintiff's potential argument that Defendant was on notice of a dangerous condition. Further if a settlement was reached, this information is not to be disclosed.

---

[23] *McGarry v. Holland Am. Line-Westours*, Case No. CV03–0269 FDB, 2003 WL 23744635, at *2 (W.D. Wash. Dec. 15, 2003).

### III. ORDER

Accordingly, and based on the foregoing,

Defendant Walmart Inc.'s Motion for Protective Order Precluding Inappropriate Areas of FRCP 30(b)(6) Deposition Testimony and for Stay of Deposition on Disputed Topic (ECF No. 11) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant's Motion is GRANTED and a protective order is entered to the extent Plaintiff seeks 30(b)(6) testimony regarding events or conditions at any Walmart Store in Clark County, Nevada, other than the store at which Plaintiff fell (Store No. 3788).

IT IS FURTHER ORDERED that Defendant's Motion is GRANTED and a protective order is entered to the extent Plaintiff seeks 30(b)(6) testimony on falls or accidents other than falls in the area at which Plaintiff fell at Store No. 3788.

IT IS FURTHER ORDERED that Defendant's Motion is GRANTED and a protective order is entered to the extent Plaintiff seeks 30(b)(6) testimony regarding events that occurred subsequent to her October 2018 fall.

IT IS FURTHER ORDERED that Defendant's Motion is DENIED to the extent Plaintiff seeks information for the five year period preceding Plaintiff's fall at Store No. 3788; however, such testimony is permitted only to the extent it involves the area at which Plaintiff fell.

IT IS FURTHER ORDERED that because Defendant's Motion is granted in part and denied in part, Defendant's request for attorney's fees and costs is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Discovery Deadlines (ECF No. 15) is GRANTED.  The discovery period is extended to August 3, 2020 for purposes of allowing Plaintiff to take the 30(b)(6) deposition of Defendant's corporate representative(s).  Plaintiff shall be entitled to conduct additional reasonable discovery that necessarily arises solely as a result of testimony at the 30(b)(6) deposition(s).

Dated this 2nd day of July, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE